# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-2072V**

| | |
|---|---|
| KARIN MCGEE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 9, 2026 |

*Joseph P. Shannon, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Dima J. Atiya, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON JOINT STIPULATION**[1]

On December 16, 2024, Karin McGee filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on October 17, 2023. Petition at 1; Stipulation, filed at July 9, 2026, ¶¶ 2-4. Petitioner further alleges that she suffered the residual effects of her alleged injury for more than six months and that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition. Stipulation at ¶¶ 4-5. "Respondent denies that the flu vaccine caused petitioner to suffer a right shoulder injury or any other injury or her current condition and denies that petitioner sustained a SIRVA Table injury " Stipulation at ¶ 6.

Nevertheless, on July 9, 2026, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $82,665.52, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| **KARIN MCGEE,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 24-2072V** |
| | ) | **Chief Special Master Corcoran (SPU)** |
| | ) | **ECF** |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | ) | |
| **Respondent.** | ) | |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Karin McGee, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccine on October 17, 2023.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA") as defined in the Table; she further alleges that the flu vaccine caused her alleged shoulder injury, and that she suffered the residual effects of her alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer a right shoulder injury or any other injury or her current condition and denies that petitioner sustained a SIRVA Table injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$82,665.52** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.



DSign Envelope ID: ENV17300404 7268 CBDE 3094 AACC 06/20/2026 20:10 PM UTC

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 17, 2023, as alleged by petitioner in a petition for vaccine compensation filed on or about December 16, 2024, in the United States Court of Federal Claims as petition No. 24-2072V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.



BSign Envelope ID: ENV17300404-7268-CBDE-3094-AACC 06/29/2026 20:10 PM UTC

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused or significantly aggravated petitioner's alleged shoulder injury, or any other injury or her current condition, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/



DSign Envelope ID: EN/17300404 7268 CDDE 3004 AACC 06/20/2026 20:10 PM UTC

Respectfully submitted,

**PETITIONER:**

Karin McGee

KARIN MCGEE

**ATTORNEY OF RECORD FOR PETITIONER:**

Anthony J. Carballo

ANTHONY J. CARBALLO
Shannon Law Group, P.C.
6825 Hobson Valley Dr., Ste. 101
Woodridge, IL 60517
(312) 578-9501
acarballo@shannonlawgroup.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

Heather L. Pearlman

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S Digitally signed by Jeffrey S. Beach -S Date: 2026.06.25 11:38:38 -04'00' for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services
Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Dima Atiya

DIMA JAWAD ATIYA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 880-0182
Dima.Atiya@usdoj.gov



DocuSign Envelope ID: [illegible]